IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ERIC A. RICHARDSON,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:12-CR-354-DN<br><br>District Judge David Nuffer |

　　　　Defendant Eric A. Richardson seeks early termination of his supervised release.[1] Because the Government has no objection to the requested relief and as the circumstances of Mr. Richardson's conduct and the interest of justice warrants the early termination of his supervised release, Mr. Richardson's Petition[2] is GRANTED.

## BACKGROUND

　　　　On July 23, 2012, Mr. Richardson made his initial appearance in this case and plead guilty to one count of bank fraud, a violation of 18 U.S.C. § 1344.[3] Mr. Richardson was sentenced to a prison term of twelve months and one day and supervised release for a term of thirty-six months.[4] Mr. Richardson was also order to pay restitution in the amount of $110,000.[5]

---

[1] Petition and Memorandum in Support of Order for Early Termination of Supervised Release ("Petition"), docket no. 33, filed Jan. 19, 2016.

[2] *Id*.

[3] Minute Entry for Proceedings Held Before Magistrate Judge Paul M. Warner, docket no. 10, entered July 23, 2012.

[4] Judgment in a Criminal Case, docket no. 22, entered Nov. 16, 2012.

[5] *Id*.

Mr. Richardson's supervised release began on November 20, 2013,[6] and is scheduled to expire on November 19, 2016.

On January 19, 2016, Mr. Richardson petitioned for the early termination of his supervised release.[7] The Government initially opposed Mr. Richardson's Petition, arguing that early termination would improperly relieve Mr. Richardson of his outstanding restitution obligation.[8] However, the Government later conceded that its argument was erroneous and indicated that it has no objection to the early termination of Mr. Richardson's supervised release.[9]

## DISCUSSION

"The court may … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[10] In determining whether early termination of supervised release is warranted, the court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[11] These factors include:

- "the nature and circumstances of the offense and the history and characteristics of the defendant;"
- "the need for the sentence imposed … to afford adequate deterrence to criminal conduct;"
- "the need for the sentence imposed … to protect the public from further crimes of the defendant;"

---

[6] Petition at 3, docket no. 33, filed Jan. 19, 2016.

[7] *Id*.

[8] Letter from Stewart M. Young to Judge David Nuffer, dated May 4, 2016, docket no. 36-1, filed May 17, 2016.

[9] Letter from Allison J.P. Moon to Judge David Nuffer, dated May 24, 2016, docket no. 38, filed June 1, 2016.

[10] 18 U.S.C. § 3583(e)(1).

[11] *Id.*; *see also United States v. Rosenkrantz*, 2009 WL 890623, *1 (D. Utah Apr. 2, 2009).

- "the need for the sentence imposed … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

- "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]"

- "any pertinent policy statement[;]"

- "the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct;" and

- "the need to provide restitution to any victims of the offense."[12]

Mr. Richardson had no criminal history prior to this case. While incarcerated, Mr. Richardson completed 271 hours of re-entry programing and classes, worked two jobs, and taught classes to other inmates. After arriving at a half-way house, Mr. Richardson completed nine re-entry readiness modules and started working full-time within one week. While on supervised release, Mr. Richardson has attended re-entry seminars and has remained proactive in taking steps to reintegrate and avoid recidivism. Mr. Richardson has now completed approximately thirty months of his thirty-six month supervised release term.

Mr. Richardson resides with his wife and four children and has maintained continuous full-time employment while on supervised release. Mr. Richardson also returned to school and recently received a Bachelor of Science degree from the University of Utah. Mr. Richardson is active in his community, coaching youth sports for his children and volunteering for scouting events and with nonprofit organizations, such as Kids Kampus. Additionally, Mr. Richardson has complied with the terms of his supervision, receiving no notices of violation. Mr. Richardson timely reports to his probation officer, he completes his monthly reports, and he continues to make payments on his restitution obligation. To date, Mr. Richardson has paid over $30,000 in

---

[12] 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C), (2)(D), (4), (5), (6), (7).

restitution, and the early termination of his supervised release will not relieve him of this ongoing obligation.[13]

Given these circumstances, and considering the factors of 18 U.S.C. § 3553(a) and that the Government has no objection, the early termination of Mr. Richardson's supervised release is warranted by his conduct and the interest of justice. Accordingly, Mr. Richardson's Petition[14] is GRANTED.

## ORDER

IT IS HEREBY ORDERED that Mr. Richardson's Petition[15] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the term of Mr. Richardson's supervised release is terminated effective immediately.

Signed June 9, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[13] Mr. Richardson asserts that he believes his restitution obligation may be satisfied given the payments and forfeitures occurring in separate cases involving defendants that were part of his bank fraud in this case. *See* Petition, docket no. 33, filed Jan. 19, 2016; The Government argues that any request to reduce or relieve Mr. Richardson's restitution obligation should be denied, as no other defendants or cases were identified in Mr. Richardson's sentence for joint and several restitution to apply. *See* Letter from Allison J.P. Moon to Judge David Nuffer, dated May 24, 2016, docket no. 38, filed June 1, 2016. The Government suggests that Mr. Richardson's sentence may need to be corrected if the court intended Mr. Richardson's restitution obligation to be joint and several. *See id*. These issues, however, are not properly before the court at this time. Mr. Richardson's Petition requests only the early termination of his supervised release, not relief from his restitution obligation or correction of his sentence. *See* Petition, docket no. 33, filed Jan. 19, 2016. The merits of these issues are appropriately the subject matter of a separate motion.

[14] Petition, docket no. 33, filed Jan. 19, 2016.

[15] *Id*.